IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLENE D. VAUGHN                                              Plaintiff

v.                              4:04CV00687 SWW/HLJ

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                        Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Charlene D. Vaughn, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the

record as a whole and whether it is based on legal error.  Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on impairment of her kidneys and urinary tract, including urethral stricture, urethritis and a nephrectomy.  (Tr. 120)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only

issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through August 26, 2003, the date of his decision. (Tr. 25) On May 18, 2004, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 6-8) Plaintiff then filed her complaint initiating this appeal. (Docket #1)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 30 years old at the time of the hearing. (Tr. 35) She completed the tenth grade in school.[2] (Tr. 36) She later obtained her General Equivalency Diploma. She has past relevant work as a poultry worker and convenience store cashier. (Tr. 1, 121)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b). If the claimant is, benefits are denied; if not, the evaluation goes to the

_____

[1]The Hon. Dean C. Metry.

[2]On one form, she indicated that she had finished the eleventh grade. (Tr. 136)

3

next step.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has a severe impairment or combination of impairments. Id., § 404.1520(c); see 20 C.F.R. § 404.1526. If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. Id., § 404.1520(d). If so, benefits are awarded; if not, the evaluation continues.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. Id., § 404.1520(e).[3] If so, benefits are denied; if not, the evaluation continues.

Step 5 involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given claimant's age, education and work experience. Id., § 404.1520(f). If so, benefits are denied; if not, benefits are awarded.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 24) He found

---

[3]In regulations that became effective September 25, 2003, the Social Security Administration amended and clarified certain aspects of the sequential evaluation process in ways not material to this opinion. 20 C.F.R. § 404.1520(e) and (f) were redesignated 20 C.F.R. § 404.1520(f) and (g), respectively. 68 Fed. Reg. 51153, 51161-62 (August 26, 2003).

that Plaintiff had a combination of impairments that were "severe," status post nephrectomy[4] on the right for pyelonephritis[5] recurrent hydronephrosis.[6]  (Tr. 18)  He found that she did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 24)  He judged that Plaintiff's statements regarding her limitations and their impact on her ability to work were not entirely credible in light of her own description of her activities and life style, the conservative nature of the medical treatment required, the reports of treating and examining practitioners, medical history, findings made on examination, her demeanor at the hearing and the marked discrepancies between her allegations and the information contained in documentary reports.  Id.

The ALJ determined that Plaintiff retained the residual functional capacity for a wide range of light work, that she could stoop, crouch and kneel only occasionally and she had to have a bathroom break every 30 minutes.  Id.  Therefore, she was unable to perform any of her past relevant work.  (Tr. 25)

The ALJ correctly noted that, once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work.  (Tr. 23)

---

[4]Removal of a kidney.  PDR Medical Dictionary 1190 (2d ed. 2000).

[5]Inflammation of the renal parenchyma, calices and pelvis, particularly due to local bacterial infection.  Id. at 1489.

[6]Dilation of he pelvis and calices of one or both kidneys.  Id. at 841.

The ALJ applied Plaintiff's vocational profile and the residual functional capacity which he had found, and established that Rule 202.20, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 would direct a finding of not disabled. Id. Because Plaintiff could not perform a full range of light work, the ALJ used the rule as a framework for his decision, and, based upon the testimony of a vocational expert, found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, hotel/motel maid, office clerk/helper and clerical worker. (Tr. 25) Consequently, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff relies primarily upon her testimony in urging that she should have been found disabled. (Br. 2-5) The Commissioner must consider Plaintiff's complaints of pain, but has a statutory duty to assess the credibility of a claimant and other witnesses. Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992). The ALJ evaluated Plaintiff's subjective complaints in light of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). (Tr. 20-22)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;

> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, Plaintiff's daily activities, her functional capabilities and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See Thomas v. Sullivan, 928 F.2d 255, 259-60 (8th Cir. 1991); Cabrnoch v. Bowen, 881 F.2d 561, 564 (8th Cir. 1989).

Plaintiff alleged an onset of disability of June 11, 2001. (Tr. 102, 418) She underwent a right nephrectomy August 30, 2001, to remove her non-functioning kidney. (Tr. 152) Following the surgery, she had a significant decrease of urinary tract infections. (Tr. 225) Slightly more than a year after her operation, the urinary tract infections increased in frequency. (Tr. 382, 391, 399) On November 25, 2002, a renal ultrasound and renal scan were both

unremarkable. (Tr. 369) In December of 2002, B.D. Fine, M.D., suggested that she take prophylactic antibiotics to help control her urinary tract infections. (Tr. 375, 377 [7]) In March of 2003, Plaintiff was evaluated by M. Ayman Bakleh, M.D. (Tr. 410) She told him that her Sulfa suppression therapy had reduced her recurrent infections "a lot." (Tr. 410) Her urinalysis was normal. Id.

In an undated Disability Supplemental Interview Outline, Plaintiff indicated that she groomed without assistance; did laundry and dishes, changed sheets and washed the car; she shopped for groceries and clothes and completed postal and banking errands (Tr. 133); she prepared 14 or more meals a week, including sandwiches, meats, vegetables, desserts and dishes that required recipes; paid bills, used a checkbook and counted change; drove, including unfamiliar routes and walked for exercise; attended church, watched television, read and visited friends and relatives (Tr. 134). She described an average day as getting up at 6:30 to get her children to school, going hone and watching television, cleaning and doing laundry, picking her children up after school, doing homework, cooking dinner, bathing her children and getting them to bed. (Tr. 136) Plaintiff engaged in extensive daily activities, which is inconsistent with the level of pain and limitation alleged. See Forte v. Barnhart , 377 F.3d 892, 896 (8th Cir. 2004)(plaintiff attended college classes and church, shopped for groceries, ran errands, cooked, drove, walked for exercise and visited friends and relatives); Haley v. Massanari, 258 F.3d 742, 48 (8th Cir.

---

[7]There is some minor duplication of the record.

2001)(plaintiff took care of personal needs, washed dishes, changed sheets, vacuumed, washed cars, shopped, cooked, paid bills, drove, attended church, watched television, listened to radio, read and visited friends and relatives); Gray v. Apfel, 192 F.3d 799, 804 (8th Cir. 1999)(plaintiff cared for himself, did household chores, drove short distance, performed other miscellaneous activities)Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999)(plaintiff cooked some meals, watered flowers around house, helped wife paint, watched television, went out for dinner, occasionally drove and occasionally visited with friends);  Lawrence v. Chater, 107 F.3d 674, 676 (8th Cir. 1997)(plaintiff dressed and bathed herself, did some housework, cooking and shopping); Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1995)(daily caring for one child, driving when unable to find ride and sometimes going to grocery); Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1995)(visiting neighbors, cooking own meals, doing own laundry and attending church); Novotny v. Chater, 72 F.3d 669, 671 (8th Cir. 1995)(carrying out garbage, carrying grocery bags, driving wife to and from work inconsistent with extreme, disabling pain); Shannon v. Chater, 54 F.3d 484, 487 (8th Cir. 1995)(plaintiff cooked breakfast, "sometimes" needed help with household cleaning and other chores, visited friends and relatives and attended church twice a month); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993)(plaintiff lived alone, drove, shopped for groceries and did housework with some help from neighbor).

The ALJ's credibility analysis was proper.  He made express credibility findings and gave multiple valid reasons for discrediting

Plaintiff's subjective complaints.  (Tr. 20-22)   E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996);  Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).

Plaintiff contends that the case should be remanded so the ALJ can make further findings concerning her pain.  (Br. 8)  The ALJ adequately addressed her subjective complaints.  The ALJ did not hold that Plaintiff had no pain.  He held that Plaintiff's pain was not significant enough to reduce her functional capacity to work.  It is recognition that a claimant can work despite pain unless that pain is disabling.  As the Eighth Circuit has noted, "millions of people do every day."  Wheeler v. Sullivan, 888 F.2d 1233, 1238 (8th Cir. 1989).

Plaintiff also contends that the ALJ should have sent her for a consultative psychological evaluation to determine the severity of her depression.  It is significant that Plaintiff did not allege a disabling mental impairment in her application for disability benefits, see Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993), did not offer it at the hearing as a basis for disability, Brockman v. Sullivan, 987 F.2d 1344, 1348 (8th Cir. 1993); see Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989) (claimant did not allege disability due to mental impairment and presented only minimal evidence of anxiety) and had never sought or been referred for mental health treatment.  See Smith v. Shalala, 987 F.2d at 1375, citing Johnson v. Bowen, 866 F.2d 274, 275 (8th Cir. 1989) and Benskin v. Bowen, 830 F.2d 878, 884 (8th Cir. 1987).  The ALJ is under no

obligation to investigate a claim that was not presented at the time of application or offered at the hearing as a basis for disability. Pena v. Chater, 76 F.3d 906, 909 (8th Cir. 1996).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 26th day of July, 2005.


_____
UNITED STATES MAGISTRATE JUDGE